1  KATHERINE JOHNSON (CA SBN 259854)
   CASPER J. RANKIN (CA SBN 249196)
2  JOSEPH C. DELMOTTE (CA SBN 259460)
   PITE DUNCAN, LLP
3  4375 Jutland Drive, Suite 200
   P.O. Box 17933
4  San Diego, CA 92177-0933
   Telephone: (858) 750-7600
5  Facsimile: (619) 590-1385

Attorneys for JPMC SPECIALTY MORTGAGE LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

| In re | Case No. 09-12325-AJ |
|---|---|
| JEFFREY A HILL, | Chapter 13 |
| | R.S. No. JBA-1826 |
| | ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY |
| | DATE: December 23, 2009<br>TIME: 9:00am |
| Debtor(s). | Northern District of California - Santa Rosa Division<br>United States Bankruptcy Court<br>99 South "E" Street<br>Santa Rosa, CA 95404-6524 |

The above-captioned matter came on for hearing on December 23, 2009, at 9:00 AM, upon the Motion of JPMC Specialty Mortgage LLC ("Movant"), for relief from the automatic stay of 11 U.S.C. § 362, to enforce its interest in the property of Jeffrey A Hill ("Debtor") commonly known as 17402 Greenridge Road, Hidden Valley Lake, California 95467 (the "Real Property"), which is legally described as follows:

/././

LOT 44, BLOCK 1, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "HIDDEN VALLEY LAKE, UNIT NO. 7", FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAID LAKE COUNTY ON MARCH 7, 1969, IN BOOK 10 OF TOWN MAPS AT PAGES 88 TO 95, INCLUSIVE.

APN: 142-181-07

Appearances as noted on the record.

Based on the arguments of counsel, and good cause appearing therefor,

IT IS HEREBY ORDERED:

1. The automatic stay of 11 U.S.C. § 362 will be terminated effective in 15 days from hearing if no payment is made, or effective in 60 days from the hearing if the Debtor is not completely post-petition current, as it applies to the enforcement by Movant of all of its rights in the Real Property under Note and Deed of Trust, and pursuant to applicable state law;

2. Upon failure of the debtor to make the payments provided in paragraph 1 above, Movant is authorized to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust, and pursuant to applicable state law;

3. The 14-day stay provided by Bankruptcy Rule 4001 (a)(3) is waived;

4. Post-petition attorney's fees and costs for the within motion may be added to the outstanding balance of the subject Note as allowed under applicable non-bankruptcy law;

5. Upon foreclosure, in the event Debtor fails to vacate the Real Property, Movant may proceed in State Court for unlawful detainer pursuant to applicable state law;

6. Upon entry of this Order, the Chapter 13 Trustee shall cease making payments in regard to Movant's claim filed in this bankruptcy case;

7. Movant may offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtor. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtor if Debtor's personal liability is discharged in this bankruptcy case; and

8. This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

| | |
|---|---|
| 1 | Dated: February 9, 2010 |
| 2 | |
| 3 | Alan Jaroslovsky<br>U.S. Bankruptcy Judge |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |

- 3 -