| | |
|---|---|
| 1 | MELODIE A. WHITSON (CA SBN 253992) |
| | CASPER J. RANKIN (CA SBN 249196) |
| 2 | PITE DUNCAN LLP |
| | 4375 Jutland Drive, Suite 200 |
| 3 | P.O. Box 17933 |
| | San Diego, CA 92177-0933 |
| 4 | Telephone: (858) 750-7600 |
| | Facsimile: (619) 590-1385 |
| 5 | |
| | Attorneys for JPMC SPECIALTY MORTGAGE LLC F/K/A WM SPECIALTY MORTGAGE |
| 6 | LLC |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

| | |
|---|---|
| In re | Case No.09-12325-AJ |
| JEFFREY A HILL, | Chapter 13 |
| Debtor(s). | R.S. No. JBA-1826 |
| | DECLARATION IN SUPPORT OF RESTORED MOTION FOR RELIEF FROM AUTOMATIC STAY |
| | (11 U.S.C. § 362 and Bankruptcy Rule 4001) |
| | DATE: November 10, 2010 |
| | TIME: 9:00am |
| | 99 South "E" Street |
| | Santa Rosa, CA 95404-6524 |

I, Michael A. Barker, declare:

1) I am employed as a Bankruptcy Supervisor by JPMorgan Chase Bank, N.A. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding JPMC Specialty Mortgage LLC f/k/a WM Specialty Mortgage LLC ("Movant") interest in the real property that is the subject of this Motion.

2) I am employed by JPMorgan Chase Bank, N.A., the authorized loan servicing agent for Movant and I am duly authorized to make this declaration on behalf of Movant.

3) I am familiar with the manner and procedures by which JPMorgan Chase Bank, N.A.'s business records are obtained, prepared, and maintained. Those records are obtained,

prepared, and maintained by JPMorgan Chase Bank, N.A.'s employees or agents in the performance of their regular business duties at or near the time, and conditions, and/or events recorded thereon. The records are made either by persons with knowledge of the matters they record or from information obtained by persons with such knowledge. I have knowledge and/or access to JPMorgan Chase Bank, N.A.'s business records regarding the Note and Deed of Trust that are the subject of this action and have personally reviewed these business records prior to executing this declaration.

4) On or about April 20, 2006, Debtor, for valuable consideration, made, executed and delivered to Encore Credit Corp ("Lender") a Note in the principal sum of $288,000.00 (the "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments commencing June 1, 2006, and continuing until May 1, 2036, when all outstanding amounts are due and payable. A copy of the Note is attached hereto as exhibit A and incorporated herein by reference.

5) Movant qualifies as the Note holder with standing to prosecute the instant Motion.

6) On or about April 20, 2006, Debtor made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in the certain real property located at 17402 Greenridge Road, Hidden Valley Lake, California 95467 (hereinafter "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded on April 27, 2006, in the Official Records of Lake County, State of California. A copy of the Deed of Trust is attached hereto as exhibit B and incorporated herein by reference.

7) Subsequently, Lender's beneficial interest in the Deed of Trust was sold, assigned and transferred to Movant. A copy of the Corporation Assignment of Deed of Trust evidencing the Assignment of the Deed of Trust to Movant is attached hereto as exhibit C and incorporated herein by reference.

- 2 -
Case: 09-12325   Doc# 34   Filed: 10/12/10   Entered: 10/12/10 13:24:14   Page 2 of 4

8) As the loan servicer, JPMorgan Chase Bank, N.A. acts as an agent for Movant and is responsible for the administration of the loan until the loan is paid in full, assigned to another creditor, or the servicing rights are transferred. Administering the loan includes sending monthly payment statements, collecting monthly payments, maintaining records of payments and balances, collecting and paying taxes and insurance (and managing escrow and impound funds), remitting monies tendered under the Note to Movant, following up on loan delinquencies, home loan workouts and home retention programs, and other general customer service functions. Further, in the event of a default under the terms of the Note or Deed of Trust, JPMorgan Chase Bank, N.A. is authorized by Movant under the terms of the loan servicing agreement to enforce the terms of the Deed of Trust.

9) The obligations under the Note are in default for failure to make payments as of July 1, 2009. As of September 7, 2010, the total obligation due and owing under the Note is in the approximate amount of $329,428.49, representing the principal balance of $287,911.20, interest in the sum of $27,040.35, escrow advance in the amount of $12,218.82, less suspense balance in the amount of $<1,058.16>, and a recoverable balance in the amount of $3,316.28. Moreover, the total arrears under the Note are in the approximate sum of $37,792.56, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion. This is an approximate amount for purposes of this Motion only, and should not be relied upon as such to pay off the subject loan as interest and additional advances may come due subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting Movant's counsel.

10) As a result of the default under the Note, a Notice of Default was recorded on March 24, 2009.

11) Movant has not received the post-petition payments owing for June 1, 2010 through September 1, 2010. Accordingly, the post-petition arrears owing under the Note are in the approximate sum of $6,043.68, consisting of four (4) payments in the amount of $1,775.46 each, and less suspense in the amount of $<1,058.16>, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion. A copy of the post-petition payment accounting

- 3 -
Case: 09-12325    Doc# 34    Filed: 10/12/10    Entered: 10/12/10 13:24:14    Page 3 of 4

pursuant to Local Rule 4001-1(g)(1) is attached hereto as exhibit D and incorporated herein by reference.

12) I am informed and believe that, based on the Debtor's bankruptcy Schedules, the fair market value of the Real Property is no more than $218,000.00. True and correct copies of Debtor's bankruptcy Schedules A and D are collectively attached hereto as exhibit E and incorporated herein by reference.

13) Based on the above, under the best case scenario, I am informed and believe that the equity in the Real Property is as follows:

| | |
|---|---:|
| Fair Market Value: | $218,000.00 |
| Less: | |
| Movant's Trust Deed | $329,428.49 |
| Hidden Valley Lake Association's HOA | $1,225.44 |
| Costs of Sale (8%) | $17,440.00 |
| Equity in the Property: | $<130,093.93> |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this ___1___ day of ___October___, 2010, at ___Florence___, ___SC___ (city, state).

[signature]