Entered on Docket
December 16, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: December 16, 2010

_____
ALAN JAROSLOVSKY
U.S. Bankruptcy Judge
_____



| | |
|---|---|
| 1 | MELODIE WHITSON (CA SBN 253992) |
| | GABRIEL OZEL (CA SBN 269098) |
| 2 | CASPER J. RANKIN (CA SBN 249196) |
| | PITE DUNCAN LLP |
| 3 | 4375 Jutland Drive, Suite 200 |
| | P.O. Box 17933 |
| 4 | San Diego, CA 92177-0933 |
| | Telephone: (858) 750-7600 |
| 5 | Facsimile: (619) 590-1385 |

Attorneys for JPMC SPECIALTY MORTGAGE LLC F/K/A WM SPECIALTY MORTGAGE LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

| | |
|---|---|
| In re | Case No. 09-12325-AJ |
| JEFFREY A HILL, | Chapter 13 |
| | R.S. No. JBA - 1826 |
| | ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY |
| | DATE: November 10, 2010 |
| | TIME: 9:00 AM |
| | CTRM: Santa Rosa Courtroom |
| Debtor. | Northern District of California - Santa Rosa Division |
| | United States Bankruptcy Court |
| | 99 South "E" Street |
| | Santa Rosa, CA 95404-6524 |

The above-captioned matter came on for hearing on November 10, 2010, at 9:00 AM, in the Santa Rosa Courtroom, upon the Motion of JPMC Specialty Mortgage LLC f/k/a WM Specialty Mortgage LLC ("Movant"), for relief from the automatic stay of 11 U.S.C. § 362, to enforce its interest in the property of Jeffrey A Hill ("Debtor") commonly known as 17402 Greenridge Road, Hidden Valley Lake, California 95467 (the "Real Property"), which is legally described as follows:

      SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT A AND INCORPORATED HEREIN.

Appearances as noted on the record.

- 1 -

Based on the arguments of counsel, and good cause appearing therefor,

IT IS HEREBY ORDERED:

1. Unless Debtor makes one post petition payment by November 17, 2010, the automatic stay of 11 U.S.C. § 362, shall be terminated as it applies to the enforcement by Movant of all of its rights in the Real Property under Note and Deed of Trust, and pursuant to applicable state law;

2. If Debtor makes one post petition payment by November 17, 2010, relief shall be granted if Debtor is not post petition current by December 10, 2010.

3. If Debtor is post petition current by December 10, 2010, the terms shall be as outlined below.

4. Debtor shall tender regular monthly payments in the amount of $1775.46 to Movant, which amount is subject to change, pursuant to the terms of the subject Note (the "Note"), commencing January 1, 2011, and continuing until all such outstanding amounts under the Note are to be paid in full. Payments are to be remitted to: Chase Home Finance, LLC at Mail Stop OH4-7133, 3415 Vision Drive, Columbus, OH 43219.

5.. The reasonable attorneys fees and costs incurred by Movant in the amount of $1,150.00 shall be paid through the Debtor's Chapter 13 Plan pursuant to an amended proof of claim to be filed by Movant.

6. In the event of any future default on any of the above-described provisions, inclusive of this Order, Movant shall provide written notice to Debtor Jeffrey A Hill at 17402 Greenridge Road, Hidden Valley Lake, California 95467, and to Debtor's attorney of record, Daniel B. Beck, at 2681 Cleveland Ave. Santa Rosa, CA 95403, indicating the nature of the default. If Debtor fails to cure the default with certified funds after the passage of ten (10) calendar days from the date said written notice is placed in the mail, then Movant may file an Ex Parte Declaration of Non-Cure and an Order Terminating the Automatic Stay with the court. Upon entry of said Order Terminating the Automatic Stay, the automatic stay shall be immediately terminated as to Movant, and Movant may proceed to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust and pursuant to applicable

state law and thereafter commence any action necessary to obtain complete possession of the Real Property without further order or proceeding of this Court.

7. The acceptance by Movant of a late or partial payment shall not act as a waiver of Movant's right to proceed hereunder.

8. The 14-day stay provided by Bankruptcy Rule 4001 (a)(3) is waived;

9. Post-petition attorney's fees and costs for the within motion may be added to the outstanding balance of the subject Note as allowed under applicable non-bankruptcy law;

10. Upon foreclosure, in the event Debtor fails to vacate the Real Property, Movant may proceed in State Court for unlawful detainer pursuant to applicable state law;

11. Upon entry of this Order, the Chapter 13 Trustee shall cease making payments in regard to Movant's claim filed in this bankruptcy case;

12. Movant may offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtor. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtor if Debtor's personal liability is discharged in this bankruptcy case; and

13. This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

\*\* END OF ORDER \*\*

# Exhibit A

**DESCRIPTION:**

THE FOLLOWING DESCRIBED REAL PROPERTY IN THE UNINCORPORATED AREA OF THE COUNTY OF LAKE, STATE OF CALIFORNIA:

LOT 44, BLOCK 1, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "HIDDEN VALLEY LAKE, UNIT NO. 7", FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAID LAKE COUNTY ON MARCH 7, 1969, IN BOOK 10 OF TOWN MAPS AT PAGES 88 TO 95, INCLUSIVE.

**APN:** 142-181-07