Daniel B. Beck, SBN 63865
Evan Livingstone, SBN 252008
Beck Law P.C.
2681 Cleveland Avenue
Santa Rosa CA 95403
Phone: 707-576-7175
Fax: 707-576-1878

Attorneys for Debtors

Email: evanlivingstone@sbcglobal.net

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.    09-12325 |
| Jeffrey A Hill | Chapter    13 |
| Debtor(s) | |

**DEBTOR'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**

**AND ORDER TO SHOW CAUSE REGARDING AUTOMATIC STAY**

TO THE COURT, SECURED LIENHOLDER JPMC SPECIALTY MORTGAGE LLC F/K/A WM SPECIALTY MORTGAGE, CHAPTER 13 TRUSTEE, ALL PARTIES IN INTEREST, AND TO THEIR ATTORNEYS OF RECORD:

Debtor asks the court to enjoin secured creditor JPMC SPECIALTY MORTGAGE LLC F/K/A WM SPECIALTY MORTGAGE from foreclosing on debtor's property at 17402 Greenridge Rd, Hidden Valley Lake, CA 95467 at a trustee's sale scheduled for this <u>Friday, April 29, 2011 at 1:00 PM</u>, until the next scheduled relief from stay calendar on May 12, 2011 at 9:00 AM at which time debtor will demonstrate that he has made payments in conformance with the court's Order on motion for relief from stay entered on December 16, 2010 as Doc #37 in this case.

## Fact of Case

Debtor Jeffrey Hill filed this Chapter 13 case on July 25, 2009. Debtor's plan was confirmed on October 27, 2009. The confirmed plan provides that debtor make 60 payments of $941.79 a month. The plan provides for paying secured creditor JPMC SPECIALTY MORTGAGE LLC F/K/A WM SPECIALTY MORTGAGE $27,000 in mortgage arrears that were owed to secured creditor at the time debtor filed his case. Debtor has been making monthly payments to the chapter 13 trustee since the case was filed and is current on his payments to the chapter 13 trustee.

On December 2, 2009 secured creditor JPMC SPECIALTY MORTGAGE LLC F/K/A WM SPECIALTY MORTGAGE filed a motion for relief from stay alleging that debtor was $7,953 behind on his post-petition mortgage payments. After a hearing, the court entered an order granting secured creditor's motion for relief from stay should debtor not become post-petition current in 15 days.

Debtor made payments and became post-petition current. However on October 12, 2010, secured creditor filed a restored motion for relief from automatic stay, alleging that debtor was again in arrears on post-petition payments in the amount of $6,043.

The court heard secured creditor's motion on November 10, 2010 at which time debtor agreed to make one payment of $1,775 in one week and become post-petition current by December 10, 2010.

Debtor made a payment on November 30, 2010 in the amount of $ 6,120 which was cashed by secured creditor on December 6, 2010.

On December 16, 2010, the court entered an order on secured creditor's motion for relief from stay stating that secured creditor would obtain relief if debtor did not make one post-

09-12325 - Debtor's Ex Parte Motion for Temporary Restraining Order and Order to Show Cause regarding Automatic Stay – Page 2

Case: 09-12325    Doc# 38    Filed: 04/27/11    Entered: 04/27/11 15:52:17    Page 2 of 15

petition payment of $1,775 by November 17, 2010, and become post-petition current by December 10, 2010.

On January 2, 2011 debtor sent a payment of $4,080 which was cashed by secured creditor on January 10, 2011.

On February 15, 2011 debtor sent a payment of $2,040 which was cashed by secured creditor on February 16, 2011.

On March 13, 2011 debtor sent a payment in the amount of $2,040 however this check was returned by secured creditor on April 19, 2011

On April 8, 2011, debtor received a Notice of Trustee's Sale giving notice that creditor was foreclosing on debtor's property on April 29, 2011.

Debtor and debtor's counsel have repeatedly contacted both secured creditor Chase Bank and its attorneys Pite Duncan in an attempt to determine if debtor is post-petition current or not. Both secured creditor and its attorneys have refused to give any kind of accounting to debtor of how much debtor is post-petition delinquent, if at all. In early April 2011, debtor's counsel called Pite Duncan and left two voice-mail for paralegals assigned to the case. On April 19, 2011 debtor's counsel sent an urgent e-mail to attorneys at Pite Duncan stating that debtor had made several payments, believed he was current, and asking for an accounting.

On April 21, 2011, debtor's counsel spoke with Gabriel Ozel at Pite Duncan who said that secured creditor's position was that relief from stay was effective as of November 17, 2010. Debtor's counsel told Mr. Ozel that debtor had made substantial payments, and believed he was post-petition current, and was furthermore willing to send a cashier's check immediately to secured creditor's counsel if they would provide debtor with an accounting of how much debtor was post-petition delinquent. Mr. Ozel said he would contact secured creditor and get an accounting for debtor and provide it to debtor's counsel.

09-12325 - Debtor's Ex Parte Motion for Temporary Restraining Order and Order to Show Cause regarding Automatic Stay – Page 3

Case: 09-12325    Doc# 38    Filed: 04/27/11    Entered: 04/27/11 15:52:17    Page 3 of 15

On April 22, 2011 debtor's counsel emailed Mr. Ozel copies of cancelled checks showing debtor had made numerous payments to Chase Bank. On April 25 and April 26, debtor's counsel left messages for Mr. Ozel. On April 27, 2011 debtor's counsel reached Mr. Ozel by telephone who said he had no authority from his client Chase Bank to stop the trustee's sale which is still scheduled for Friday, April 29, 2011 at 1:00 PM

### Arguments

Debtor argues that the pre-conditions for secured creditor's relief from the automatic stay have not been met for two reasons. 1) The debtor is substantially in compliance with the court's order on motion for relief from stay entered on December 16, 2010. 2) Secured creditor accepted $12,240 in payments from debtor after debtor's alleged breach of the terms of the court's order on motion for relief from stay. Debtor argues that by accepting these funds, secured creditor waived its right to argue that there was a breach of the terms of the order. 3) Debtor is currently post-petition current on his mortgage to secured creditor.

WHEREFORE, debtor prays that the court grant the attached Temporary Restraining Order and Order to Show Cause why the automatic stay is not still in effect in this case.

Date: April 27, 2011                     /s/Dan Beck_____
                                         Dan Beck
                                         Attorney for Debtor

### DECLARATION OF EVAN LIVINGSTONE

I, Evan Livingstone, declare under penalty of perjury that I have personally reviewed the court record in the above case, and the record is accurately characterized in the motion. Furthermore I personally made the e-mails and phone calls described in the above motion. I also attest that the copies of the canceled checks which are attached to this motion were supplied to me by debtor.

Date: April 27, 2011                     /s/Evan Livingstone_____
                                         Evan Livingstone

1  Daniel B. Beck, SBN 63865
   Evan Livingstone, SBN 252008
2  Beck Law P.C.
   2681 Cleveland Avenue
3  Santa Rosa CA 95403
   Phone: 707-576-7175
4  Fax: 707-576-1878

5  Attorneys for Debtors

6  Email: evanlivingstone@sbcglobal.net

7

8                    UNITED STATES BANKRUPTCY COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10  In re:                                    Case No.    09-12325

11  Jeffrey A Hill                            Chapter     13
              Debtor(s)
12  _____/

13  **PROPOSED ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER**

14         TO SECURED CREDITOR JPMC SPECIALTY MORTGAGE LLC F/K/A WM

15  SPECIALTY MORTGAGE:

16         YOU ARE ORDERED TO APPEAR before this court, located at 99 South E Street,

17  Santa Rosa, California, at 9:00 A.M. on May 12, 2011, then and there to show cause, in any you

18  have, why you should not be enjoined during the pendency of this bankruptcy case from

19  conducting a trustee sale of debtors property at 17402 Greenridge Rd, Hidden Valley Lake, CA

20  95467, and or why the automatic stay of 11 U.S.C. §362 is not still in effect.

21         PENDING SAID HEARING, neither you nor your agents shall conduct a trustee sale of

22  debtor's property at 17402 Greenridge Rd, Hidden Valley Lake, CA 95467.

23                              ** END OF ORDER **

24

```
1   Daniel B. Beck, SBN 63865
    Evan Livingstone, SBN 252008
2   Beck Law P.C.
    2681 Cleveland Avenue
3   Santa Rosa CA 95403
    Phone: 707-576-7175
4   Fax: 707-576-1878

5   Attorneys for Debtors
    Email: evanlivingstone@sbcglobal.net
6

7

8                        UNITED STATES BANKRUPTCY COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10  In re:                                    Case No.    09-12325

11  Jeffrey A Hill                            Chapter     13
              Debtor(s)
12  _____/

13                           CERTIFICATE OF SERVICE

14      I hereby certify that on April 27, 2011, a copy of above DEBTOR'S EX PARTE

15  MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

16  REGARDING AUTOMATIC STAY to the Chapter 13 Trustee electronically, and to the creditor

17  listed below both electronically and by first-class mail addressed below:

18          GABRIEL OZEL
            PITE DUNCAN LLP
19          4375 Jutland Drive, Suite 200
            P.O. Box 17933
20          San Diego, CA 92177-0933

21
                                          /s/ Evan Livingstone
22  Date: April 27, 2011              _____
                                          Evan Livingstone
23

24
```

Entered on Docket
December 16, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: December 16, 2010



_____
ALAN JAROSLOVSKY
U.S. Bankruptcy Judge
_____

1 MELODIE WHITSON (CA SBN 253992)
   GABRIEL OZEL (CA SBN 269098)
2 CASPER J. RANKIN (CA SBN 249196)
   PITE DUNCAN LLP
3 4375 Jutland Drive, Suite 200
   P.O. Box 17933
4 San Diego, CA 92177-0933
   Telephone: (858) 750-7600
5 Facsimile: (619) 590-1385

Attorneys for JPMC SPECIALTY MORTGAGE LLC F/K/A WM SPECIALTY MORTGAGE LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

| In re | Case No. 09-12325-AJ |
|---|---|
| JEFFREY A HILL, | Chapter 13 |
| | R.S. No. JBA - 1826 |
| | ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY |
| | DATE: November 10, 2010<br>TIME: 9:00 AM<br>CTRM: Santa Rosa Courtroom |
| Debtor. | Northern District of California - Santa Rosa Division<br>United States Bankruptcy Court<br>99 South "E" Street<br>Santa Rosa, CA 95404-6524 |

The above-captioned matter came on for hearing on November 10, 2010, at 9:00 AM, in the Santa Rosa Courtroom, upon the Motion of JPMC Specialty Mortgage LLC f/k/a WM Specialty Mortgage LLC ("Movant"), for relief from the automatic stay of 11 U.S.C. § 362, to enforce its interest in the property of Jeffrey A Hill ("Debtor") commonly known as 17402 Greenridge Road, Hidden Valley Lake, California 95467 (the "Real Property"), which is legally described as follows:

SEE LEGAL DESCRIPTION ATTACHED HERETO AS
EXHIBIT A AND INCORPORATED HEREIN.

Appearances as noted on the record.

Based on the arguments of counsel, and good cause appearing therefor,

IT IS HEREBY ORDERED:

1. Unless Debtor makes one post petition payment by November 17, 2010, the automatic stay of 11 U.S.C. § 362, shall be terminated as it applies to the enforcement by Movant of all of its rights in the Real Property under Note and Deed of Trust, and pursuant to applicable state law;

2. If Debtor makes one post petition payment by November 17, 2010, relief shall be granted if Debtor is not post petition current by December 10, 2010.

3. If Debtor is post petition current by December 10, 2010, the terms shall be as outlined below.

4. Debtor shall tender regular monthly payments in the amount of $1775.46 to Movant, which amount is subject to change, pursuant to the terms of the subject Note (the "Note"), commencing January 1, 2011, and continuing until all such outstanding amounts under the Note are to be paid in full. Payments are to be remitted to: Chase Home Finance, LLC at Mail Stop OH4-7133, 3415 Vision Drive, Columbus, OH 43219.

5.. The reasonable attorneys fees and costs incurred by Movant in the amount of $1,150.00 shall be paid through the Debtor's Chapter 13 Plan pursuant to an amended proof of claim to be filed by Movant.

6. In the event of any future default on any of the above-described provisions, inclusive of this Order, Movant shall provide written notice to Debtor Jeffrey A Hill at 17402 Greenridge Road, Hidden Valley Lake, California 95467, and to Debtor's attorney of record, Daniel B. Beck, at 2681 Cleveland Ave. Santa Rosa, CA 95403, indicating the nature of the default. If Debtor fails to cure the default with certified funds after the passage of ten (10) calendar days from the date said written notice is placed in the mail, then Movant may file an Ex Parte Declaration of Non-Cure and an Order Terminating the Automatic Stay with the court. Upon entry of said Order Terminating the Automatic Stay, the automatic stay shall be immediately terminated as to Movant, and Movant may proceed to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust and pursuant to applicable

- 2 -

Case: 09-11233    Doc# 387    Filed: 04/27/10    Entered: 04/27/10 15:52:14    Page 8 of 15

state law and thereafter commence any action necessary to obtain complete possession of the Real Property without further order or proceeding of this Court.

7. The acceptance by Movant of a late or partial payment shall not act as a waiver of Movant's right to proceed hereunder.

8. The 14-day stay provided by Bankruptcy Rule 4001 (a)(3) is waived;

9. Post-petition attorney's fees and costs for the within motion may be added to the outstanding balance of the subject Note as allowed under applicable non-bankruptcy law;

10. Upon foreclosure, in the event Debtor fails to vacate the Real Property, Movant may proceed in State Court for unlawful detainer pursuant to applicable state law;

11. Upon entry of this Order, the Chapter 13 Trustee shall cease making payments in regard to Movant's claim filed in this bankruptcy case;

12. Movant may offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtor. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtor if Debtor's personal liability is discharged in this bankruptcy case; and

13. This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

** END OF ORDER **

# Exhibit A

**DESCRIPTION:**

THE FOLLOWING DESCRIBED REAL PROPERTY IN THE UNINCORPORATED AREA OF THE COUNTY OF LAKE, STATE OF CALIFORNIA:

LOT 44, BLOCK 1, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "HIDDEN VALLEY LAKE, UNIT NO. 7", FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAID LAKE COUNTY ON MARCH 7, 1969, IN BOOK 10 OF TOWN MAPS AT PAGES 88 TO 95, INCLUSIVE.

**APN:** 142-181-07

| [ Print ] | Patelco Credit Union<br>Check Image Search | [ Close Window ] |

---

**JEFFREY A HILL**
PH 707-987-2524
17402 GREENRIDGE RD
HIDDEN VLY LAKE, CA 95467

**Check Received**

SEP 13 2010

DRA

2263
11-7647/3210
61

9/6/10    DATE

PAY TO THE ORDER OF  Chase Home Loan      $ 4,080.00

Four thousand eighty and 00/100   DOLLARS

Patelco
I Office • Branch #61
156 Second Street
San Francisco, CA 94105
415-442-6200

FOR #0690962311    May, June 2010    Jeffrey C Hill

2263

PayToTheOrder Of Chase Home Finance

[ Print ] | Patelco Credit Union<br>Check Image Search | [ Close Window ]

---

**JEFFREY A HILL**
PH 707-987-2524
17402 GREENRIDGE RD
HIDDEN VLY LAKE, CA 95467

Check Received 5704 12-8
2270
11-7647/3210 61

DEC 06 2010

DRA

Nov 30, 2010 DATE

PAY TO THE ORDER OF  Chase Home Loan      $ 6120.00

Six thousand one hundred twenty and 00/100 DOLLARS

**Patelco** CREDIT UNION
1 Office • Branch #51
156 Second Street
San Francisco, CA 94105
415-442-6200

FOR # 0690962311

Jeffrey A Hill

2270  5704 12-08

| [ Print ] | Patelco Credit Union<br>Check Image Search | [ Close Window ] |

**JEFFREY A HILL**
PH 707-987-2524
17402 GREENRIDGE RD
HIDDEN VLY LAKE, CA 95467

CHECK RECEIVED
JAN 10 2011

2278
11-7867/3210

DELINQUENT CHECK CONTROL  JAN 2, 2011  DATE

PAY TO THE ORDER OF  Chase Home Loan    $ 4080.00

Four thousand eighty  00/100    DOLLARS

Patelco
1 Office • Branch #51
136 Second Street
San Francisco, CA 94105
415-442-6200

FOR # 0690962311                    Jeffrey A Hill

10 2278

| [ Print ] | Patelco Credit Union<br>Check Image Search | [ Close Window ] |
|---|---|---|

**JEFFREY A HILL**
PH 707-987-2524
17402 GREENRIDGE RD
HIDDEN VLY LAKE, CA 95467

CHECK RECEIVED

FEB 16 2011

DELINQUENT CHECK CONTROL

2283
11-7847/3210

8p00

Date: 2/15/11

Pay to the order of: Chase Home ____ $ 2040.00

Two thousand forty and 00/100 DOLLARS

Patelco Credit Union
1 Office • Branch
156 Second Street
San Francisco, CA 94105
415-442-6200

FOR # 06909623 11

Jeffrey A Hill

2283

RECORDING REQUESTED BY
CALIFORNIA RECONVEYANCE COMPANY

AND WHEN RECORDED MAIL TO

CALIFORNIA RECONVEYANCE COMPANY
9200 Oakdale Avenue
Mail Stop: CA2-4379
Chatsworth, CA 91311
800-892-6902

*APR Fri 8:30 AM*

| | |
|---|---|
| **Trustee Sale No.** | **231946CA** |
| Loan No. | 0690962311 |
| Title Order No. | 602122141 |

Space above this line for recorder's use only

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 04-20-2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

On 04-29-2011 at 01:00 PM, CALIFORNIA RECONVEYANCE COMPANY as the duly appointed Trustee under and pursuant to Deed of Trust Recorded 04-27-2006, Book , Page , Instrument 2006010615, of official records in the Office of the Recorder of LAKE County, California, executed by: JEFFREY A. HILL, AN UNMARRIED MAN, as Trustor, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (MERS), SOLELY AS NOMINEE FOR LENDER, ENCORE CREDIT CORP, A CALIFORNIA CORPORATION, IT'S SUCCESSORS AND ASSIGNS., as Beneficiary, will sell at public auction sale to the highest bidder for cash, cashier's check drawn by a state or national bank, a cashier's check drawn by a state or federal credit union, or a cashier's check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state. Sale will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to the Deed of Trust. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, interest thereon, estimated fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Place of Sale: AT THE FRONT ENTRANCE TO THE COUNTY COURTHOUSE, 255 NORTH FORBES STREET , LAKEPORT, CA

Legal Description: LOT 44, BLOCK 1, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "HIDDEN VALLEY LAKE, UNIT NO. 7", FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAID LAKE COUNTY ON MARCH 7, 1969, IN BOOK 10 OF TOWN MAPS AT PAGES 88 TO 95, INCLUSIVE.

Amount of unpaid balance and other charges: $333,820.36 (estimated)
Street address and other common designation of the real property: 17402 GREENRIDGE ROAD
HIDDEN VALLEY LAKE, CA 95467
APN Number: 142-181-070-000

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. The property heretofore described is being sold "as is".

In compliance with California Civil Code 2923.5(c) the mortgagee, trustee, beneficiary, or authorized agent declares:
that it has contacted the borrower(s) to assess their financial situation and to explore options to avoid foreclosure; or
that it has made efforts to contact the borrower(s) to assess their financial situation and to explore options to avoid foreclosure
by one of the following methods: by telephone; by United States mail; either 1st class or certified; by overnight delivery; by
personal delivery; by e-mail; by face to face meeting.